UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BOBBY STERLING | § § § | |
| *Plaintiff*, | § | CIVIL ACTION NO.: 6:21-cv-435 |
| v. | § § | |
| CEC ENTERTAINMENT CONCEPTS, LP, | § § § | JURY TRIAL DEMANDED |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT

1. Plaintiff BOBBY STERLING ("Plaintiff"), by and through his attorneys, brings this action for damages and other legal and equitable relief from Defendant CEC Entertainment Concepts, LP ("Defendant"), for the violation of the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA") and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

2. This is an action brought by Plaintiff seeking damages from Defendant for acts of FMLA retaliation against Plaintiff for engaging in a protected activity under the FMLA and for interfering with Plaintiff's entitled right to medical leave under the FMLA. Defendant's acts of retaliation and/or interference were in violation of the FMLA and were willful.

3. Defendant is a restaurant and entertainment chain with annual revenue in excess of approximately $900 million. Defendant owns and operates over 500 restaurants in the United States and 65 in the state of Texas, including one located in Waco, Texas.

4. Plaintiff was formerly employed by Defendant at their Waco, Texas location. Plaintiff was subject to retaliatory termination on or around January 28, 2020.

5.      As a result of Defendant's unlawful actions, Plaintiff is entitled to recover: (i) back pay, (ii) benefits, (iii) liquidated damages, (iv) interest, and (v) attorney fees and costs pursuant to the FLSA and such other and further relief as this Court finds necessary and proper.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iii) 29 U.S.C. §§ 2601 *et seq.*

7.      Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims asserted herein occurred within this District.

## PARTIES

8.      Defendant is a publicly traded Texas corporation with their principal place of business located at 1707 Market Place Blvd, Suite 200, Irving, TX 75063. Upon information and belief, Defendant employs more than sixteen thousand (16,000) persons and has operations in 47 U.S. states, in addition to operating restaurants in several other countries.

9.      Plaintiff is a person who has been aggrieved by Defendant's actions. He is and has been, at all relevant times, a citizen of the United States of America and is a resident of the State of Texas.

10.     Plaintiff was an eligible employee within the meaning of 29 U.S.C. §§ 2611 (2)(A)(i) and (ii).

**ORIGINAL COMPLAINT**

11.     At the time of his request for intermittent FMLA leave, Plaintiff had been employed by Defendant for at least twelve (12) months.

12.     At the time of his request for intermittent FMLA leave, Plaintiff worked at least 1,250 hours for Defendant during the twelve (12) months prior to his request for FMLA leave.

13.     Defendant owns and operates a restaurant located in Killeen, Texas and Waco, Texas.

14.     Defendant employs over sixteen thousand (16,000) employees.

15.     Throughout the relevant time period, Defendant employed at least fifty (50) employees within seventy-five (75) miles of its Waco, Texas location.

16.     Defendant transacted and continues to transact business in Texas by, among other things, employing persons at its facility located within Texas and within this judicial district

## STATEMENT OF FACTS

17.     During the relevant time period, Plaintiff suffered serious injuries to his elbow and knee while at home which required multiple surgeries and recovery time.

18.     Plaintiff began his employment on or around October 17, 2005 as a maintenance worker.

19.     Throughout the relevant time period, Plaintiff was employed at Defendant's Killeen, Texas and Waco, Texas locations.

20.     Throughout the relevant time period, Plaintiff was employed first as a Senior Assistant until February 2019 then General Manager from February 2019 until January 2020.

21.     Plaintiff's regular work schedule was Monday through Sunday, managing a variety of all employee shifts.

22. Plaintiff was a covered employee under the FMLA because he was employed by Defendant for well over twelve (12) months, because he worked at least 1,250 hours prior to his use of the FMLA leave in question, and because Defendant employed over fifty (50) employees within seventy-five (75) miles of the Waco, Texas location.

23. Prior to his injuries and in or around September or October 2018, Defendant offered Plaintiff a promotion from Senior Assistant at the Killeen, Texas location to General Manager of the Waco, Texas location at an annual salary in excess of $50,000.

24. In or around October 2018, Plaintiff applied for and received FMLA leave from Defendant as a result of serious injuries and subsequent surgeries. Defendant reassured Plaintiff his promotion would still be available to him upon his return from FMLA leave.

25. In or around January 2019, Plaintiff attempted to return from FMLA leave and requested accommodations allowing him to sit when necessary due to his injuries still healing. Defendant denied Plaintiff's request. Defendant continually rejected Plaintiff's doctor's notes stating that he was fit to return to work, leading to a three-week delay in his return to work.

26. For at least two (2) months, Plaintiff continued working at his previous compensatory rate. During that time, Plaintiff continued to raise the pay discrepancy with District Manager, Daniel Smoot ("Mr. Smoot").

27. In or around March 2019, Mr. Smoot officially offered Plaintiff a salary of $48,000 for the General Manager role he was already performing at the Waco, Texas location. Plaintiff asked Mr. Smoot why he was not receiving the agreed upon salary of over $50,000 and Mr. Smoot's response was, "Since you got hurt, we can't pay you that anymore."

28. In or around August 2019, Mr. Smoot was replaced as District Manager by Eric Bargas ("Mr. Bargas").

29. In or around August 2019, Plaintiff approached Mr. Bargas about the salary discrepancy due to Plaintiff's FMLA leave to which Mr. Bargas replied, "If you have a problem with it, I have someone who can replace you right now."

30. Shortly after, Mr. Bargas began retaliating against Plaintiff by intentionally calling him by the wrong name, constantly criticizing him for others' mistakes, and berating Plaintiff in front of his staff.

31. In or around December 2019, Mr. Bargas forced Plaintiff to arbitrarily terminate an employee with no performance or conduct issues to "make an example" of the terminated employee to the remaining staff. The termination drew the ire of Defendant, which forced Plaintiff to be subjected to differing disciplinary threats from his superiors.

32. On or around January 28, 2020, Mr. Bargas again told Plaintiff he was not being enough of a team player and he needed to pick an employee and fire them. Distraught at having to endure another situation which would only negatively affect his status within the company, Plaintiff attempted to resist Mr. Bargas's demand. Mr. Bargas said if Plaintiff did not pick someone and terminate them, the next General Manager would.

33. On or around January 28, 2020, Plaintiff was subject to retaliatory termination.

34. Defendant had actual knowledge that Plaintiff engaged in a protected activity as they approved his FMLA leave and excused his absences under his FMLA leave. Defendant also had acknowledged that Plaintiff had been offered a promotion and pay raise previous to requesting and taking his FMLA leave.

35. Accordingly, Plaintiff was willfully discriminated against in retaliation for engaging in a protected activity under the FMLA.

36. Furthermore, by reneging on an extended offer of promotion and raised salary, Defendant interfered with Plaintiff's entitled right to medical leave.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### The Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*
### (Retaliation)

37. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38. Plaintiff's request for medical leave was for a serious health condition within the meaning of the FMLA.

39. Plaintiff provided notice to Defendant that he suffered from a serious health condition and that he needed leave to treat and recover from the serious health condition.

40. Plaintiff was entitled to receive medical leave pursuant to the FMLA.

41. Plaintiff's intermittent FMLA leave was granted on or around October 2018.

42. In response to Plaintiff's medical leave to treat and recover from his serious health condition pursuant to the FMLA, Defendant retaliated against Plaintiff.

43. Defendant's retaliatory acts included reducing the salary of an agreed upon promotion for Plaintiff.

44. The conduct alleged herein violated the FMLA as Defendant has engaged in the practice of retaliation for Plaintiff's participation in a protected activity.

45. Defendant's retaliatory acts against Plaintiff were willful.

46. Plaintiff's request for relief are set forth below.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all matters raised in this Complaint.

**ORIGINAL COMPLAINT**

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. That the practices of the Defendant complained of herein be determined and adjudged to be in violation of the rights of the Plaintiff under Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*

B. That judgment be entered in favor of Plaintiff against Defendant for: (i) back pay, (ii) benefits, (iii) liquidated damages, (iv) interest, and (v) attorney fees and costs pursuant to the FMLA and such other and further relief as this Court finds necessary and proper.

C. That Plaintiff be awarded back pay.

D. That Plaintiff be awarded lost benefits.

E. That Plaintiff be awarded liquidated damages;

F. That Plaintiff be awarded pre and post judgment interest;

G. That the Court award Plaintiff attorneys' fees and costs associated with this matter, including but not limited to expert fees' and costs;

H. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law;

Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

**ORIGINAL COMPLAINT**

Dated: April 29, 2021               Respectfully submitted,

*/s/ Jay D. Ellwanger*
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
8310 N Capital of Texas Hwy, Ste. 190
Austin, Texas 78731
Telephone & Facsimile: (737) 808-2262

**ATTORNEY FOR PLAINTIFF**

**ORIGINAL COMPLAINT**